ON MAY 12, 1989, YOU WROTE TO THIS OFFICE SEEKING THE ATTORNEY GENERAL'S ADVICE ON SEVERAL QUESTIONS PERTAINING TO POLITICAL FUNDRAISING ACTIVITIES OF SITTING COMMISSIONERS. AT THE ATTORNEY GENERAL'S REQUEST, HAVE RESPONDED TO YOUR INQUIRIES BY LETTERS DATED JUNE 14 AND 18, 1989, ADVISING YOU IN ESSENCE THAT THE OKLAHOMA ETHICAL STANDARDS AND CAMPAIGN COMPLIANCE ACT, 74 O.S. 4201 (1988) ET SEQ. (THE "ETHICS ACT"), AND 17 O.S. 177 (1981), AS AMENDED BY SENATE BILL 384, SHOULD GUIDE YOUR ACTIVITIES IN THAT REGARD.
ON JULY 21, 1989, WE HAD A MEETING AT WHICH YOU POSED A FOLLOW-UP QUESTION AS TO THE SCOPE OF 177'S PROHIBITION AGAINST THE ACCEPTANCE OF CONTRIBUTIONS FROM PERSONS HAVING AN INTEREST IN ENTITIES REGULATED BY THE CORPORATION COMMISSION. MORE SPECIFICALLY, YOU ASKED WHETHER ATTORNEYS APPEARING BEFORE THE COMMISSION IN REGULATORY PROCEEDINGS ARE ENCOMPASSED BY THE STATUTE. 17 O.S. 177 PROVIDES, IN PERTINENT PART:
 "NO PERSON WHO IS SUBJECT TO THE REGULATIONS OF THE CORPORATION COMMISSION, OR HAS INTERESTS LN ANY FIRM, CORPORATION OR BUSINESS WHICH IS SUBJECT TO THE REGULATION BY THE CORPORATION COMMISSION SHALL FURNISH. . . . (EMPHASIS ADDED.)."
THE KEY TERM IN THIS PASSAGE IS THE TERM "INTEREST". THE OPERATIVE QUESTION IS NOT SUSCEPTIBLE OF A PRECISE ANSWER AS A MATTER OF LAW. THE ANSWER TO THIS QUESTION WOULD INEVITABLY HAVE TO BE DECIDED AS A QUESTION OF FACT, TO BE JUDGED BY THE CIRCUMSTANCES SURROUNDING THE PARTICULAR ATTORNEY AND HIS OR HER FINANCIAL RELATIONSHIP WITH THE BUSINESS ENTITY REPRESENTED.
THERE IS NO NEED TO BELABOR THE AMBIGUITIES OF 177, HOWEVER, BECAUSE THERE IS ANOTHER STATUTE WHICH ADDRESSES THIS ISSUE MORE DIRECTLY. I WOULD CALL YOUR ATTENTION TO 74 O.S. 4219 (1988), WHICH PROVIDES IN PERTINENT PART:
 "A. NO CORPORATION CHARTERED UNDER THE LAWS OF THIS STATE, OR FOREIGN CORPORATION ADMITTED TO DO BUSINESS IN THIS STATE, SHALL CONTRIBUTE TO ANY CAMPAIGN FUND OF ANY POLITICAL PARTY OF THIS STATE OR TO ANY OTHER PERSON FOR THE BENEFIT OF SUCH PARTY OR ITS CANDIDATES, NOR SHALL THEY THROUGH ANY AGENT. OFFICER. REPRESENTATIVE EMPLOYEE ATTORNEY OR ANY OTHER PERSON OR PERSONS SO CONTRIBUTE. NOR SHALL ANY SUCH OTHER PERSON, MAKE ANY LOAN OF MONEY OR ANYTHING OF VALUE, OR GIVE OR FURNISH ANY PRIVILEGE, FAVOR OR OTHER THING OF VALUE TO ANY POLITICAL PARTY, OR TO ANY REPRESENTATIVE OF A POLITICAL PARTY, OR TO ANY OTHER PERSON FOR IT, OR TO ANY CANDIDATE UPON THE TICKET OF ANY POLITICAL PARTY. THE PROVISIONS OF THIS SECTION SHALL APPLY TO CANDIDATES AND ORGANIZATIONS AS WELL AS POLITICAL PARTIES.
C. WHEN AN OFFICIAL, AGENT, ATTORNEY, OR EMPLOYEE OF A CORPORATION HAS BEEN SHOWN TO HAVE VIOLATED THE PROVISIONS OF THIS SECTION, IT SHALL BE PRESUMED THAT HE IS ACTING FOR SUCH CORPORATION AND THE BURDEN SHALL BE UPON THE ACCUSED CORPORATION TO SHOW THAT SUCH OFFICIAL, AGENT, ATTORNEY OR EMPLOYEE WAS NOT ACTING FOR IT OR WITH ITS SANCTION."
74 O.S. 4219(A) AND 74 O.S. 4219(C) CREATE A REBUTTABLE PRESUMPTION THAT AN ATTORNEY FOR A CORPORATION WHO CONTRIBUTES TO ANY CAMPAIGN FUND OF ANY POLITICAL PARTY OR TO ANY PERSON FOR THE BENEFIT OF SUCH PARTY OR ITS CANDIDATES DOES SO ON BEHALF OF THE CORPORATION. WHETHER ANY PARTICULAR ATTORNEY IS ACTING ON BEHALF OF A CORPORATION WOULD HINGE UPON THE FACTS OF EACH CASE. THE COUNCIL ON CAMPAIGN COMPLIANCE AND ETHICAL STANDARDS IS AUTHORIZED TO ISSUE ADVISORY OPINIONS TO PERSONS WISHING TO KNOW WHETHER A PARTICULAR CONTRIBUTION WOULD VIOLATE THE ETHICS ACT. FURTHER REQUESTS FOR INFORMATION SHOULD BE DIRECTED TO THE COUNCIL.
HOPEFULLY, IT IS APPARENT THAT A DEFINITIVE ANSWER TO YOUR QUESTION ABOUT THE PROPRIETY, AS A MATTER OF LAW, OF ATTORNEY CONTRIBUTIONS OUTSIDE 17 O.S. 177 120-DAY WINDOW PERIOD IS NOT POSSIBLE. IT IS POSSIBLE, HOWEVER, THAT IN A GIVEN FACTUAL SETTING, THE ETHICS COUNCIL OR AN OKLAHOMA COURT MIGHT WELL FIND THAT A GIVEN ATTORNEY, OR ANY ATTORNEY WITH AN ACTIVE BUSINESS RELATIONSHIP WITH A COMMISSION-REGULATED CLIENT, IS WITHIN THE PROHIBITORY SCOPE OF 74 O.S. 4219 AND 17 O.S. 77. THUS, THERE IS IN MY VIEW, A SUBSTANTIAL RISK IN SOLICITING OR ACCEPTING SUCH CONTRIBUTIONS.
(NED BASTOW)